[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11779

_____

D.C. Docket No. 1:17-cv-00061-KD-MU

MATTHEW REEVES,

Petitioner - Appellant,

versus

COMMISSIONER, ALABAMA
DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 9, 2021)

Before WILSON, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

In *Reeves v. Commissioner*, 836 F. App'x 733 (11th Cir. 2020), we rejected the intellectual disability claim of Matthew Reeves—an Alabama death row prisoner—but granted him habeas relief on the ground that his counsel had rendered

ineffective assistance at the penalty phase.  The Supreme Court, however, reversed. It held that the Alabama Court of Criminal Appeals did not apply a per se rule requiring the testimony of counsel to establish an ineffectiveness claim, and that its decision rejecting Mr. Reeves' ineffectiveness claim was not an unreasonable application of clearly established federal law under 28 U.S.C. § 2254(d).  *See Dunn v. Reeves*, 141 S. Ct. 2405 (2021).

As noted, we previously ruled against Mr. Reeves on his intellectual disability claim.  Given the Supreme Court's decision on the ineffectiveness claim, we now affirm the district court's denial of habeas relief.

**AFFIRMED.**